# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☒ INFORMATION  ☐ INDICTMENT
☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

## OFFENSE CHARGED

See Attached Penalty Sheet

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See Attached Penalty Sheet

### DEFENDANT - U.S

▶ CHRISTOPHER BUTLER

DISTRICT COURT NUMBER
CR 11-0529-2 SBA

FILED 2012 MAY -2 P 2:40
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☒ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
} CR 11-0529

Name and Office of Person Furnishing Information on this form: Hartley M. K. West, AUSA
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Hartley M. K. West

### DEFENDANT

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☒ Is on Bail or Release from (show District)
Northern District of California

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
} If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☒ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

\* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                   Before Judge:

Comments: Change of plea is scheduled before the Honorable Saundra Brown Armstrong on May 4, 2012 at 10:00 a.m.

# PENALTY SHEET FOR CHRISTOPHER BUTLER
# (CR 11-0529-2 SBA)

Count 1: Conspiracy to possess with intent to distribute and to distribute a Schedule I controlled substance (marijuana) and a Schedule II controlled substance (50 grams or more of methamphetamine) – 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii) and 841(b)(1)(D)

Maximum penalties:
a. Maximum and Minimum prison sentence — 10 years to life
b. Maximum fine — $10,000,000
c. Minimum supervised release term — 5 years
d. Mandatory special assessment — $100
e. Mandatory and discretionary denial of federal benefits upon conviction of drug offenses, 21 U.S.C. § 862 and § 862a
f. Forfeiture

Count 2: Aiding and abetting theft from programs receiving federal funds – 18 U.S.C. §§ 666(a)(1) and 2

Maximum penalties:
a. Maximum prison sentence — 10 years
b. Maximum fine — $250,000
c. Maximum supervised release term — 3 years
d. Mandatory special assessment — $100
e. Restitution — To be determined

Counts 3 & 4: Conspiracy against rights – 18 U.S.C. § 241

Maximum penalties per count:
a. Maximum prison sentence — 10 years
b. Maximum fine — $250,000
c. Maximum supervised release term — 3 years
d. Mandatory special assessment — $100
e. Restitution — To be determined

Count 5: Hobbs Act robbery – 18 U.S.C. § 1951

Maximum penalties:
a. Maximum prison sentence — 20 years
b. Maximum fine — $250,000
c. Maximum supervised release term — 5 years
d. Mandatory special assessment — $100
e. Restitution — To be determined

Count 6: Extortion under color of official right – 18 U.S.C. § 1951

    Maximum penalties:
| | | |
|---|---|---|
| a. | Maximum prison sentence | 20 years |
| b. | Maximum fine | $250,000 |
| c. | Maximum supervised release term | 5 years |
| d. | Mandatory special assessment | $100 |
| e. | Restitution | To be determined |

Count 7: Conspiracy to extort under color of official right – 18 U.S.C. § 1951

    Maximum penalties:
| | | |
|---|---|---|
| a. | Maximum prison sentence | 20 years |
| b. | Maximum fine | $250,000 |
| c. | Maximum supervised release term | 5 years |
| d. | Mandatory special assessment | $100 |
| e. | Restitution | To be determined |

Count 8: Illegal wiretapping – 18 U.S.C. § 2511(1)(a) and (4)(a)

    Maximum penalties:
| | | |
|---|---|---|
| a. | Maximum prison sentence | 5 years |
| b. | Maximum fine | $250,000 |
| c. | Maximum supervised release term | 3 years |
| d. | Mandatory special assessment | $100 |

MELINDA HAAG (CABN 132612)
United States Attorney



FILED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER BUTLER, <br><br> Defendant. | No. CR 11-0529-2 SBA <br><br> VIOLATIONS: 21 U.S.C. § 846 – Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine and Marijuana; 18 U.S.C. § 666(a)(1) – Theft From Programs Receiving Federal Funds; 18 U.S.C. § 241 – Conspiracy Against Rights; 18 U.S.C. § 1951 – Extortion Under Color of Official Right; 18 U.S.C. § 1951 – Hobbs Act Robbery; 18 U.S.C. § 2511(1)(a) – Illegal Wire Interception; 18 U.S.C. § 2 – Aiding and Abetting; 21 U.S.C. § 853 – Forfeiture Allegation; 18 U.S.C. § 981(a)(1)(C) – Forfeiture Allegation; 28 U.S.C. § 2461(c) – Forfeiture Allegation <br><br> OAKLAND VENUE |

SUPERSEDING INFORMATION

The United States Attorney charges:

Introductory Allegations

At all times relevant to this Superseding Information:

1.   Defendant CHRISTOPHER BUTLER was a resident of Concord, California and a former Antioch Police Officer. BUTLER owned and operated a private investigation firm called Butler & Associates, which was also located in Concord, California.

SUPERSEDING INFORMATION
CR 11-0529-2 SBA

2. NORMAN WIELSCH was a resident of Antioch, California and the Commander of the Central Contra Costa County Narcotics Enforcement Team (CNET) located in Pleasant Hill, California.

3. CNET was a regional task force operated by the California Department of Justice, Bureau of Narcotics Enforcement (BNE). BNE received more than $10,000 in federal funds each year.

COUNT ONE: (21 U.S.C. § 846 – Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine and Marijuana)

4. Paragraphs 1 through 3 of this Superseding Information are hereby re-alleged and incorporated by reference as if set forth in full herein.

5. Beginning on a date unknown but no later than November 2010, and continuing to on or about February 16, 2011, both dates being approximate and inclusive, in the Northern District of California, the defendant,

CHRISTOPHER BUTLER,

and others, specifically NORMAN WIELSCH, did knowingly and intentionally conspire to possess with intent to distribute and to distribute (A) a Schedule II controlled substance, to wit: 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, and (B) a Schedule I controlled substance, to wit: a mixture and substance containing a detectable amount of marijuana, all in violation of Title 21, United States Code, Sections 846, 841(b)(1)(A)(viii), and 841(b)(1)(D).

COUNT TWO: (18 U.S.C. § 666(a)(1) – Theft from Programs Receiving Federal Funds; 18 U.S.C. § 2 – Aiding and Abetting)

6. Paragraphs 1 through 3 of this Superseding Information are hereby re-alleged and incorporated by reference as if set forth in full herein.

///

///

7. On or about February 15, 2011, in the Northern District of California, the defendant,

**CHRISTOPHER BUTLER,**

did knowingly and intentionally aid, abet, counsel, command, induce, and procure an agent of State government agency, specifically NORMAN WIELSCH of CNET, an agency that received more than $10,000 of Federal funds during the one year period of February 15, 2010, to February 15, 2011, to steal, obtain by fraud, and otherwise without authority convert to the use of a person other than the rightful owner, property, specifically methamphetamine, which is valued at $5,000 or more, and is owned by, and under the care, custody, and control of such organization, government, and agency, in violation of Title 18, United States Code, Sections 666(a)(1) and 2.

COUNT THREE: (18 U.S.C. § 241 – Conspiracy Against Rights)

8. Paragraphs 1 through 3 of this Superseding Information are hereby re-alleged and incorporated by reference as if set forth in full herein.

9. Beginning in or about January 2009 and continuing to on or about February 6, 2009, in the Northern District of California, the defendant,

**CHRISTOPHER BUTLER,**

and others known and unknown, did knowingly and intentionally conspire to injure, oppress, threaten, and intimidate a person in the State of California, specifically an individual with the initials F.S., in the free exercise and enjoyment of a right and privilege secured to F.S. by the Constitution and laws of the United States, that is the right against unreasonable searches and seizures and the right against deprivation of liberty and property without due process of law.

9. As a part of this conspiracy, F.S.'s mother hired BUTLER to engage in a "sting" operation in an attempt to deter F.S. from selling illegal drugs. BUTLER enlisted WIELSCH and others to participate in the sting, which was to involve a staged arrest of F.S. during a drug transaction in CNET's parking lot. BUTLER and WIELSCH agreed that WIELSCH would wear his loaded firearm and drive BUTLER's vehicle to the arrest scene, while both would participate in the arrest and search of F.S.'s car and home.

10. As a further part of this conspiracy, F.S. was handcuffed, placed in the back of a car, and interrogated, and his pockets, car, and bedroom searched. BUTLER and WIELSCH took and maintained illegal drugs that were seized during these searches.

All in violation of Title 18, United States Code, Section 241.

COUNT FOUR: (18 U.S.C. § 241 – Conspiracy Against Rights)

11. Paragraphs 1 through 3 of this Superseding Information are hereby re-alleged and incorporated by reference as if set forth in full herein.

12. Beginning on a date unknown to the grand jury and continuing to in or about August 2010, in the Northern District of California, the defendant,

CHRISTOPHER BUTLER,

and others known and unknown, did knowingly and intentionally conspire to injure, oppress, threaten, and intimidate persons in the State of California in the free exercise and enjoyment of a right and privilege secured to them by the Constitution and laws of the United States, that is the right against unreasonable searches and seizures and the right against deprivation of property without due process of law, by taking money and property from persons engaged in the business of prostitution.

13. As part of this conspiracy, WIELSCH found prostitutes through online advertisements and arranged meetings with them, typically in hotels. WIELSCH displayed his badge and represented himself as a law enforcement officer. WIELSCH and BUTLER then took money and cell phones from prostitutes. They did not issue citations or property receipts as part of these encounters.

14. Specifically, in or about July and August 2010, WIELSCH and BUTLER traveled to the Homestead Suites hotel in San Ramon, California to meet a prostitute. During this encounter, they met J.H. and S.P. WIELSCH and BUTLER both showed law enforcement badges. WIELSCH and BUTLER took their cell phones and money but issued no citation or property receipt.

All in violation of Title 18, United States Code, Section 241.

///

SUPERSEDING INFORMATION
CR 11-0529-2 SBA                                  4

COUNT FIVE: (18 U.S.C. § 1951 – Hobbs Act Robbery)

15. Paragraphs 1 through 3 of this Superseding Information are hereby re-alleged and incorporated by reference as if set forth in full herein.

16. Beginning on a date unknown and continuing to in or about August 2010, in the Northern District of California, the defendant,

CHRISTOPHER BUTLER,

and others, specifically, NORMAN WIELSCH, did knowingly and intentionally affect and conspire to affect commerce by robbery, that is, by unlawfully taking and obtaining personal property from the person and in the presence of another, specifically J.H. and S.P., against that person's will, by means of actual and threatened force, and violence, and fear of injury, immediate and future, to the person and property, in violation of Title 18, United States Code, Section 1951.

COUNT SIX: (18 U.S.C. § 1951 – Extortion Under Color of Official Right)

17. Paragraphs 1 through 3 of this Superseding Information are hereby re-alleged and incorporated by reference as if set forth in full herein.

18. Beginning in or about November 2009 and continuing to in or about April 2010, in the Northern District of California, the defendant,

CHRISTOPHER BUTLER,

and others did knowingly and intentionally affect and conspire to affect commerce by extortion, that is, by obtaining property not due to them or to CNET, from persons operating an illicit massage parlor, with the persons' consent, in exchange for shielding the massage parlor from law enforcement action, under color of official right.

19. Specifically, BUTLER, WIELSCH, and others agreed to establish an illicit massage parlor in Pleasant Hill, California, which WIELSCH and BUTLER would protect using WIELSCH's law enforcement status. In exchange for this protection, the women working at the massage parlor made weekly payments to BUTLER that were shared with WIELSCH.

All in violation of Title 18, United States Code, Section 1951.

COUNT SEVEN: (18 U.S.C. § 1951 – Conspiracy to Extort Under Color of Official Right)

20. Paragraph 1 of this Superseding Information is hereby re-alleged and incorporated by reference as if set forth in full herein.

21. Beginning on a date unknown but no later than on or about November 2, 2010, and continuing through at least on or about January 14, 2011, in the Northern District of California and elsewhere, the defendant,

CHRISTOPHER BUTLER,

and others did knowingly and intentionally conspire to obstruct, delay, and affect, commerce by extortion, that is, the obtaining of property not due from another person, with his consent, in exchange for making and arranging traffic stops and arrests for driving under the influence (DUI), under color of official right.

22. Specifically, beginning on an date unknown but no later than November 2, 2010, BUTLER agreed to conduct "stings" of husbands and ex-husbands (hereafter "targets") for female clients involved in divorce, child custody, and other family law disputes. In cases in which the clients advised that the targets had a tendency to drink, BUTLER would arrange for an undercover employee to meet the target at a bar, direct the employee to entice the target to drink alcohol until he was intoxicated, and have a police officer waiting outside the bar to stop and arrest the target for DUI.

23. As part of this scheme, STEPHEN TANABE, a Deputy with the Contra Costa County Sheriff's Office who was then assigned to work patrol in Danville, California, agreed to and did participate in three DUI stings. In two stings, TANABE waited outside the bar for the targets, H.A. and M.K., to exit and then stopped the targets shortly after they drove off. In the third sting, TANABE arranged for another Deputy Sheriff to wait outside the bar, while TANABE remained inside the bar with BUTLER, monitoring the alcohol intake of the target, D.B. In all cases, the targets were stopped and arrested for DUI.

24. As part of this conspiracy, TANABE falsely stated in his incident reports for arrests he conducted that he was on "routine patrol" at the time of the targets' arrests.

///

25. In exchange for TANABE making DUI arrests and arranging for another officer to make arrests, BUTLER compensated TANABE with cocaine and a firearm.

All in violation of Title 18, United States Code, Section 1951.

COUNT EIGHT: (18 U.S.C. § 2511(1)(a) and (4)(a) - Illegal Wiretapping)

26. Paragraph 1 of this Superseding Information is hereby re-alleged and incorporated by reference as if set forth in full herein.

27. On or about August 9, 2007, in the Northern District of California, the defendant,

CHRISTOPHER BUTLER,

did knowingly and intentionally intercept and endeavor to intercept a wire, oral, and electronic communication, specifically cellular telephone communications to and from N.F, in violation of Title 18, United States Code, Section 2251(1)(a) and (4)(a).

FIRST FORFEITURE ALLEGATION: (21 U.S.C. § 853 – Drug Forfeiture)

28. The factual allegations contained in Count One of this Superseding Information are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853(a)(1) and 853(a)(2).

29. Upon a conviction of the offense alleged in Count One, the defendant,

CHRISTOPHER BUTLER,

shall forfeit to the United States all right, title, and interest in property constituting and derived from any proceeds defendants obtained, directly or indirectly, as a result of said violations, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the said violations.

30. If, as a result of any act or omission of defendants, any of said property
    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to or deposited with a third person;
    c. has been placed beyond the jurisdiction of the Court;
    d. has been substantially diminished in value; or

///

SUPERSEDING INFORMATION
CR 11-0529-2 SBA         7

1  e. has been commingled with other property that cannot be divided without difficulty;

any and all interest defendants have in any other property (not to exceed the value of the above forfeitable property) shall be vested in the United States and forfeited to the United States, pursuant to Title 21, United States Code, Section 853(a)(1), (a)(2), and (p) and Federal Rule of Criminal Procedure 32.2.

SECOND FORFEITURE ALLEGATION: (18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c))

31. The factual allegations contained in Counts Two, Five, Six, and Seven of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c).

32. Upon a conviction of the offenses alleged in Counts Two, Five, Six, and Seven, the defendant,

CHRISTOPHER BUTLER,

shall forfeit to the United States, all property (real and personal) which constitutes proceeds and is derived from proceeds traceable to said offense(s), pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

33. If, as a result of any act or omission of the defendant, any of said property
 a. cannot be located upon the exercise of due diligence;
 b. has been transferred or sold to or deposited with, a third person;
 a. has been placed beyond the jurisdiction of the Court;
 b. has been substantially diminished in value; or
 c. has been commingled with other property which, without difficulty cannot be subdivided;

///

///

///

SUPERSEDING INFORMATION
CR 11-0529-2 SBA                                8

1 any and all interest defendants have in any other property (not to exceed the value of the above
2 forfeitable property) shall be forfeited to the United States, pursuant to Title 18, United States
3 Code, Section 981(a)(1)(C), Title 21, United States Code, Section 853(p) (as incorporated by
4 Title 28, United States Code, Section 2461(c)), and Rule 32.2 of the Federal Rules of Criminal
5 Procedure.

7 DATED: May **2**, 2012

MELINDA HAAG
United States Attorney

MIRANDA KANE
Chief, Criminal Division

12 (Approved as to form: _____ )
  AUSA WEST